[Cite as *State v. Holt*, 2013-Ohio-4239.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                    :       C.A. CASE NO.   2013 CA 4

v.                                             :       T.C. NOS.   12CR262
                                                           12CR615

LAURIE HOLT                                    :                 12CR713

    Defendant-Appellant                   :      (Criminal appeal from
                                             Common Pleas Court)

                                                  :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____27th_____ day of _____September_____, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecutor, Clark County Prosecutor's Office, 50 East Columbia Street, P.O. Box 1608,Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

TARA C. DANCING, Atty. Reg. No. 0077277, 1158 Kauffman Avenue, Fairborn, Ohio 45324
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Laurie Holt appeals the trial court's order of restitution

in Case No. 2012 CR 262. Holt filed a timely notice of appeal on January 11, 2013.

{¶ 2} The instant appeal pertains to three separate cases for which Holt was indicted. The cases have been consolidated for purposes of appeal. On April 16, 2012, Holt was indicted in Case No. 2012-CR-262 for forgery. Holt pled guilty to the offense on August 3, 2012.

{¶ 3} Holt was indicted on September 10, 2012, in Case No. 2012-CR-615 for one count of passing bad checks. On November 28, 2012, Holt pled guilty to the offense as charged.

{¶ 4} On October 22, 2012, Holt was indicted for one count of passing bad checks in Case No. 2012-CR-713. Holt pled guilty to the offense on November 28, 2012.

{¶ 5} Holt was sentenced to prison and ordered to pay restitution in all three cases on December 13, 2012. In Case no. 2012-CR-262, Holt was sentenced to sixteen months in prison and ordered to pay $13,881.41 in restitution. In Case No. 2012-CR-615, Holt was sentenced to eleven months in prison and ordered to pay $8,217.57 in restitution to the victim. In Case No. 2012-CR-713, Holt was sentenced to eleven months in prison and ordered to pay $1,285.00 in restitution to the victim. The trial court ordered Holt's sentences to be served consecutively.

{¶ 6} It is from this judgment that Holt now appeals.

{¶ 7} Holt's sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION EXCEEDING THE AMOUNT OF LOSS TO THE VICTIM."

{¶ 9} In her sole assignment, Holt argues that the trial court erred when it ordered her to pay $13,881.41 in restitution to the victim in Case No. 2012-CR-262 when the record

established that the actual loss suffered was only $12,079.20. The State concedes that the trial court erred when it ordered Holt to pay the greater amount of restitution.

{¶ 10} Upon review, we conclude that the trial court erred when it ordered Holt to pay restitution in the amount of $13,881.41 in Case No. 2012-CR-262. $13,881.41 is an amount which exceeds the economic loss to the victim of $12,079.20.

{¶ 11} At the partial disposition on August 24, 2012, the trial court noted the proper amount of restitution in Case No. 2012-CR-262 as follows:

> A pre-sentence investigation has been completed. The Court has reviewed the pre-sentence report. Defendant entered a plea of forgery, a felony of the fourth degree. At the time the plea was entered, there was an understanding of restitution was a total of $13,881.41. In reviewing the pre-sentence report, the final determination for restitution was $12,079.20. ***. (Trans., pg.3).

{¶ 12} Accordingly, we order the trial court to modify Holt's restitution order in Case No. 2012-CR-262 to the amount of $12,079.20.

{¶ 13} Holt's sole assignment of error is sustained.

{¶ 14} Holt's sole assignment of error having been sustained, the judgment of the trial court is reversed in part, and this matter is remanded for proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

**[Cite as *State v. Holt*, 2013-Ohio-4239.]**
Copies mailed to:

Lisa M. Fannin
Tara C. Dancing
Hon. Richard J. O'Neill